UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ACIST Medical Systems, Inc.

        Plaintiff,

        v.

OPSENS, Inc.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 11-539 ADM/JJK

---

Ted Koshiol, Esq., Lora Friedemann, Esq., Darren Schwiebert, Esq., and Kurt Niederluecke, Esq., Fredrikson & Byron, Minneapolis, MN, on behalf of Plaintiff ACIST Medical Systems, Inc.

Niall MacLeod, Esq., and Aaron Myers, Esq., Barnes & Thornburg, Minneapolis, MN, on behalf of Defendant OPSENS, Inc.

---

## I.  INTRODUCTION

On September 15, 2011, the undersigned United States District Judge heard oral argument on Plaintiff ACIST Medical Systems, Inc.'s ("ACIST") Motion to Dismiss Counterclaims [Docket No. 6] and on Defendant Opsens Inc.'s ("Opsens") Motion for Partial Judgment on the Pleadings [Docket No. 15]. For the reasons set forth below, Plaintiff's Motion to Dismiss Counterclaims is granted and Defendant's Motion for Partial Judgment on the Pleadings is granted.

## II.  BACKGROUND[1]

ACIST and Opsens entered into a Mutual Disclosure and Confidentiality Agreement (the "Agreement") on January 16, 2007.  Am. Compl. [Docket No. 3] ¶ 8.  Both parties signed the Agreement to investigate a potential business partnership.  Id. ¶ 9.  Under the Agreement, Opsens agreed to keep certain information confidential and refrain from disclosing it to third parties for at least five years.  Id. ¶¶ 10-11.  Opsens also agreed not to use the confidential information for its own purposes outside of the potential business collaboration.  Id. at ¶ 12.

ACIST shared confidential information with Opsens, including information regarding a medical device, the Monorail Pressure Sensor.  Id. ¶ 14.  ACIST and Opsens subsequently decided not to pursue a business relationship.  On September 11, 2008, ACIST filed a provisional patent application for the Monorail Pressure Sensor, and a year later on September 11, 2009, ACIST filed a patent application and a non-provisional utility patent application for the device. Id. ¶¶ 17-19.  On March 17, 2009, Opsens filed a provisional patent application for a device which ACIST argues utilizes confidential, trade secret information regarding the Monorail Pressure Sensor which was obtained under the Agreement .  Id. ¶¶ 23-24.  A year later on March 17, 2010, Opsens filed a patent application and a non-provisional patent application for this same device.  Id. ¶¶ 25-26.  ACIST alleges that Opsens violated the Agreement by using and disclosing this confidential, trade secret information.  Id. ¶¶ 20-23.

---

[1] In considering Plaintiff's Motion to Dismiss, the Court takes the facts alleged in Plaintiff's Complaint to be true.  See Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).  Similarly, in considering Defendant's Motion for Partial Judgment on the Pleadings, the Court takes their alleged facts as true.  See Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006).

ACIST filed this suit on March 2, 2011.  On June 7, 2011, Opsens filed an Answer to the Complaint and asserted Counterclaims.  Answer to Compl.  [Docket No. 4].  On June 28, 2011, ACIST filed a Motion to Dismiss Defendant's Counterclaims [Docket No. 6], and Opsens filed a Motion for Partial Judgment on the Pleadings on July 29, 2011 [Docket No. 15].

### III.  DISCUSSION

**A.     Standards of Review**

In considering a motion to dismiss under Rule 12(b)(6), courts must accept the nonmoving party's facts as true and construe the pleadings in the light most favorable to them.  Hamm, 15 F.3d at 112.  Ambiguities concerning the sufficiency of claims must be resolved in the nonmovant's favor as well.  Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993).  A motion to dismiss should be granted only when "it appears beyond doubt that the [claimant] can not prove any set of facts in support of his claim that would entitle him to relief."  Schaller Tel. Co. v. Golden Sky Sys., 298 F.3d 736, 740 (8th Cir. 2002).  The same standard is applied to motions for judgment on the pleadings.  Wishnatsky, 433 F.3d at 610.

Under Rule 8(a), pleadings must "contain a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  To make this showing, a pleading must include "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. V. Twombly, 550 U.S. 544, 570 (2007).  Claims must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Id. at 1949-50.

In the interest of fulfilling Rule 1, courts should dismiss redundant claims to "secure the just, speedy, and inexpensive determination" of a trial.  Fed. R. Civ. P. 1.  Additionally, Rule 8 states that "If a party mistakenly designates a defense as a counterclaim . . . the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so."  Fed. R. Civ. P. 8(c)(2).  Counterclaims which are "repetitious of issues already before the court via the complaint or affirmative defenses" should be dismissed.  Gratke v. Andersen Windows, Inc., No. 10-CV-963, 2010 U.S. Dist. LEXIS 137047, at * 7 (D. Minn. Dec. 8, 2010) (internal citations omitted).  Counterclaims that "merely 'repackage' affirmative defenses should also be dismissed," id., because "[w]hat is really an answer or defense to a suit does not become an independent piece of litigation because of its label," id. (quoting Tenneco, Inc. v. Saxony Bar & Tube, Inc., 776 F.2d 1375, 1379 (7th Cir. 1985) (citing Fed. R. Civ. P. 8(c))).

## B.     Opsens Has Failed to State Claims Upon Which Relief Can Be Granted

In its Motion to Dismiss Opsens' Counterclaims, ACIST argues that Opsens' counterclaims are redundant of its affirmative defenses.  In the alternative, ACIST argues that Opsens' counterclaims both fail as a matter of law.  Each of these arguments is addressed below.

### 1.     Opsen's Counterclaims are Redundant and Warrant Dismissal

Prior to deciding whether to dismiss the counterclaims, the Court must first determine whether the counterclaims are redundant.  Opsens' counterclaims seek the same relief and concern the same legal and factual issues as their affirmative defenses.  The two counterclaims assert breach of contract and the implied covenant of good faith and fair dealing.  Opsens also

4

raises several affirmative defenses, including that ACIST's claims were barred because the "asserted confidential information and trade secrets were already known by others, in the public domain, or otherwise not confidential or trade secrets." Answer to Compl. 8, ¶ 11. Additionally, Opsens raises the defense that ACIST's claims are barred "because ACIST's alleged trade secrets do not qualify as trade secrets under the Minnesota Uniform Trade Secrets Act or other applicable law." Id. 8, ¶ 8. Opsens' two counterclaims focus on their allegation that "ACIST violated the [Agreement] by attempting to impose secrecy obligations" on material outside of the Agreement. Id. 11, ¶ 10.

Opsens' counterclaims are redundant, essentially a "mere[] repackag[ing]" of their affirmative defenses. Gratke, No. 10-CV-963, 2010 U.S. Dist. LEXIS 137407, at * 7. The determination of Opsens' affirmative defenses will resolve the same factual and legal issues raised in their counterclaims. Consideration of Opsens' affirmative defenses – whether the Agreement is valid and whether it applies to the actions at issue – must necessarily determine the same analysis that Opsens' counterclaims would require. While Opsens argues that its counterclaims differ from its affirmative defenses by alleging that ACIST has "taken additional affirmative actions to impose obligations over non-confidential information," Mem. in Opp'n to Mot. to Dismiss [Docket No. 19] 7, it fails to show that its counterclaims would concern any additional factual dispute or any legal dispute other than the interpretation and application of the Agreement. Because resolution of Opsens' affirmative defenses would resolve all questions raised by the counterclaims, the counterclaims are redundant and warrant dismissal on this basis alone.

### 2. Opsens' Breach of Contract Claim Fails as a Matter of Law

Under Minnesota law, a breach of contract claim requires three elements: (1) the formation of a contract; (2) the performance of conditions precedent by the plaintiff; and (3) the breach of the contract by the defendant. Briggs Transp. Co. v. Ranzenberger, 217 N.W.2d 198, 200 (Minn. 1974). Generally, filing a lawsuit does not constitute a breach of a contract absent a contractual restriction limiting such remedies. Cf. Surgidev Corp. v. Eye Tech., Inc., 625 F. Supp. 800, 805 (D. Minn. 1986) (the "initiation of a lawsuit to restrain defendants from . . . contravening noncompete agreements to which they were parties is not an improper use of the Court's process."). Moreover, the fact that a lawsuit "threatens to harm defendants as competitors of plaintiff is not a sufficient ground on which to deny plaintiff access to the courts." Id. at 804.

Opsens' claim is that ACIST breached the Agreement by initiating this litigation. Opsens argues that "Respecting the non-confidentiality of non-confidential information was as much a condition of the [Agreement] as respecting the confidentiality of confidential information," Mem. in Opp'n to Mot. to Dismiss 6, and that ACIST's lawsuit breaches the contract by trying to "impose secrecy obligations over categories of information that the [Agreement] *expressly* excludes from being confidential subject matter." Id. 1. Opsens does not allege, however, that ACIST violated the confidentiality agreement with respect to confidential information; rather, Opsens attempts to establish an affirmative duty to keep non-confidential information not confidential. That argument is unavailing; to permit such a claim would lead to the absurd result of requiring the publishing of all information not labeled as confidential. Because a lawsuit to

determine what is and is not confidential information does not constitute a breach of contract, Opsens' claim is dismissed for failure to state a claim upon which relief may be granted.

### 3. Opsens' Breach of Implied Duty of Good Faith & Fair Dealing Claim Fails as a Matter of Law

In Minnesota, every contract includes an implied covenant of good faith and fair dealing. In re Hennepin Cnty. 1986 Recycling Bond Litig., 540 N.W.2d 494, 502 (Minn. 1995). Under Minnesota law, though, a "cause of action for breach of the implied duty of good faith and fair dealing does not exist independently of a breach of contract claim." Semanko v. Minn. Mut. Life Ins. Co., 168 F. Supp. 2d 997, 1002 (D. Minn. 2000). The implied covenant of good faith and fair dealing requires that one party "unjustifiably hinder[ed] the other party's performance of the contract." See Midwest Sports Mktg., Inc. v. Hillerich & Bradsby of Can., Ltd., 552 N.W.2d. 254, 268 (Minn. Ct. App. 1996) (citation omitted). To demonstrate that a party has unjustifiably hindered the performance of a contract, a plaintiff must show that the other party acted in bad faith, refusing "to fulfill some duty or contractual obligation based on an ulterior motive." Sterling Capital Advisors, Inc. v. Herzog, 575 N.W.2d 121, 125 (Minn. Ct. App. 1998).

Because Opsens' breach of contract claim is dismissed, this claim for implied duty of good faith and fair dealing must also be dismissed since it cannot "exist independently." Furthermore, Opsens fails to properly plead its claim by neglecting to allege that ACIST "unjustifiably hindered" its performance of the contractual duties of the Agreement. Opsens claims that ACIST violated the covenant of good faith and fair dealing by "rejecting the

distinction between confidential and non-confidential information," by "seeking to impose obligations on Opsens," and by "claim[ing] ownership of technology, concepts, and ideas which ACIST did not properly own or originate." Answer to Compl. 13, ¶ 24.  None of these claims suggest an action by ACIST which hindered the performance of the Agreement they are seeking to enforce.  Accordingly, Opsens' claim is dismissed for failure to state a claim upon which relief may be granted.

C.     **ACIST's Unfair Competition Claim Fails as a Matter of Law**

Minnesota law "recognizes unfair competition as an independent cause of action." Radisson Hotels Int'l, Inc. v. Westin Hotel Co., 931 F. Supp. 638, 644 (D. Minn. 1996). However, "Unfair competition is not a tort with specific elements; it describes a general category of torts which courts recognize for the protection of commercial interests." Rehab. Specialists, Inc. v. Koering, 404 N.W.2d 301, 305 (Minn. Ct. App. 1987).  One of the torts included within the general category of unfair competition is improper use of trade secrets.  See Zimmerman Group, Inc. v. Fairmont Foods of Minn., Inc., 882 F. Supp. 892, 895 (D. Minn. 1994).  Breach of contract claims are also included within the general category of unfair competition.  See Radisson, 931 F. Supp. at 644.  A claim for unfair competition must be dismissed when the "underlying tort is duplicative of another Count of the Complaint." Goddard, Inc. v. Henry's Foods, Inc., 291 F. Supp. 2d 1021, 1034 (D. Minn. 2003).  Claims must also be dismissed where the plaintiff fails to "identify the underlying tort which is the basis for the unfair competition claim." Id. (citing Zimmerman, 882 F. Supp. at 895).

Opsens' motion for partial judgment on the pleadings alleges that ACIST's unfair competition is duplicative of its other claims. ACIST asserts four counts as follows: (1) breach of contract for "disclosing ACIST's confidential information," Compl. 6, ¶ 33; (2) misappropriation of trade secrets, id. 9, ¶ 45; (3) misappropriation of know how and trade secrets, id. 10, ¶ 54; and (4) unfair competition by "misappropriating confidential and trade secret information," id. 11, ¶ 58. ACIST contends its unfair competition claim is distinguishable from its misappropriation of trade secrets claim because "it encompasses not only the misappropriation of ACIST's trade secrets, but also Opsens' disclosure and use of other confidential information disclosed to Opsens under a confidentiality agreement." Mem. in Opp'n to J. on Pleadings [Docket No. 18] 3. This may be true, but while the unfair competition claim is distinguishable from the misappropriation of trade secrets claim in that it covers disclosure of confidential information, this allegation is already stated in Count One. Between Counts One, Two, and Three, ACIST has already alleged the disclosure of confidential information, breach of contract, and misappropriation of trade secrets. As Count Four is not based on an independent underlying tort, it is duplicative and warrants dismissal.

In support of their claim, ACIST cites a Minnesota case which states that the court would not

> at this early stage of the litigation . . . . find [Plaintiff's] unfair competition claim is necessarily based on precisely the same conduct as the trade secret and breach of contracts claims . . . or that the legal elements of [Plaintiff's] unfair competition claim are necessarily subsumed within the requirement of trade secret misappropriation and breach of contract. Radisson, 931 F. Supp. at 644.

9

The weight of the authority, however, holds otherwise.  See, e.g., Cenveo Corp. v. Southern Graphic Sys., No. 08-5521, 2011 U.S. Dist. LEXIS 31904, at *22-23 (D. Minn. Mar. 25, 2011) ("Where a plaintiff bases its claim of unfair competition on the same underlying factual allegations as its other independent claims, the unfair competition claim is duplicative . . . and must be dismissed."); Guy Carpenter & Co. v. John B. Collins & Assocs., No. 05-1623, 2006 U.S. Dist. LEXIS 61765, at *28-29 (D. Minn. Aug. 29, 2006); Goddard, 291 F. Supp. 2d at 1034-35 (granting summary judgment against a party which failed to identify an independent tort providing the basis for its unfair competition claim); Zimmerman, 882 F. Supp. at 895 (dismissing unfair competition claim which was preempted or duplicative of other claims).  In accord with these cases, ACIST's unfair competition claim is duplicative, fails to state an independent underlying tort, and is therefore dismissed.

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Plaintiff ACIST's Motion to Dismiss Defendant's Counterclaims [Docket No. 6] is **GRANTED**;

2. Defendant Opsens' Motion for Partial Judgment on the Pleadings [Docket No. 15] is **GRANTED.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 4, 2011.

10